**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DESHUN OWENS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LIEUTENANT JACK, SERGEANT WHITE, FOOD SUPERVISOR MCCARTHY, JEFFREY WEHKING, JOHN DOE ADJUSTMENT COMMITTEE MEMBERS, and JOHN DOE CORRECTIONAL STAFF,**<br><br>**Defendants.** | **Case No. 26-cv-935-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff DeShun Owens, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Owens alleges unconstitutional use of force as well as violations of his due process rights.

The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On July 13, 2025, Owens was leaving his work assignment in dietary when Food Service Supervisor McCarthy approached him and directed him to empty his pockets (Doc. 1, p. 6). Owens subsequently complied with the request and pulled a blue rubber glove containing paper from his pocket. McCarthy removed the items from Owens's hands, startling Owens and causing him to step away from McCarthy (*Id.*). In response, McCarthy lunged at Owens and knocked him to the ground (*Id.*). Owens got up and ran away from McCarthy towards the kitchen (*Id.*).

Upon arriving at the kitchen, Owens stopped and held up his arms. Lieutenant Jack approached him and, without giving any orders, sprayed Owens with OC spray directly in the face (Doc. 1, p. 7). Although blinded by the spray and not resisting the officers, Sergeant White knocked Owens to the ground and kicked him (*Id.*). White then placed his knees on Owens's back, making it difficult to breathe (*Id.*). Although Owens informed the officers that he could not breathe, White refused to get up. Several staff witnessed the incident but failed to intervene.

After the incident, Owens was issued a disciplinary report for assault and disobeying a direct order (Doc. 1, p. 7). He notes that he never received a report for contraband for any of the items in his pockets (*Id.* a tp. 8). He alleges that some of the allegations in the report were false. On July 24, 2025, Owens went before the adjustment committee, pleaded not guilty, and requested that the officers view the video surveillance footage of the incident (*Id.* at pp. 7-8). Adjustment committee members laughed at him. He claims that officers failed to meaningfully consider his defense. He was found guilty

of the charges and sentenced to 21 days in segregation, three months C-grade, and one month loss of good time credit (*Id*. at p. 8). Owens filed a grievance regarding the charges, but the grievance officer responded that the surveillance footage was reviewed by the adjustment committee—although Owens claims that he was never allowed to view the footage (*Id*.).

**Preliminary Dismissals**

Owens includes Warden Jeffrey Wehking as a defendant in the case caption and maintains that Wehking is liable for the constitutional violations Owens experienced because he supervised staff and implemented policies and practices that allowed correctional staff to use unnecessary force and fail to preserve evidence (Doc. 1, pp. 10-11). He further alleges that he does not know the extent to which Wehking participated in the preservation of evidence, but to the extent Owens was not allowed to review the footage, he believes Wehking should be liable. But Wehking cannot be liable simply in his position as warden because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). *See also Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Nor has Owens identified a specific policy implemented by Wehking that led to the incident at issue in this case. *Burks*, 555 F.3d at 594; *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under [Section] 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

Owens also alleges that several unknown officers were in the vicinity of the attack and failed to intervene. Although Owens may certainly proceed against specific,

identifiable John Does (*i.e.* Officer #1 first shift, Officer #2 second shift, *etc.*), the allegations against "several other staff" are too generic to state a claim. Owens fails to even allege the number of officers who were present during the use of force incident. Thus, any claim against unknown officers/staff is **DISMISSED without prejudice**.

Similarly, Owens alleges that adjustment committee members denied him due process when they found him guilty without meaningfully considering the evidence presented to them. But Owens fails to allege the number of individuals on the committee, nor does he identify the members with any specificity. Without more, Owens simply fails to state a claim against "members of the adjustment committee." His claim for violations of his due process rights may also be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). Per the holdings in those cases, an inmate cannot bring a Section 1983 claim if a finding in his favor would necessarily invalidate a still valid disciplinary conviction. *Morgan v. Schott*, 914 F.3d 1115, 1117 (7th Cir. 2019) (citing *Heck*, 512 U.S. at 487). Owens challenges the findings of the committee, arguing that they relied on inaccurate depictions in the disciplinary report and refused to provide meaningful consideration to his defense and the video footage of the incident. A finding in his favor would necessarily invalidate his disciplinary conviction, and Owens fails to indicate that his disciplinary action has been overturned. Thus, his due process claim is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment excessive force claim against McCarthy, Lieutenant Jack, and Sergeant White for their use of force on July 13, 2025.**

**Count 2:** **Illinois state law claim for assault and battery against McCarthy, Lieutenant Jack, and Sergeant White for their use of force.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Here, Owens alleges that McCarthy tackled him without any cause. He also alleges that Jack sprayed him with OC spray and White tackled and kicked him despite Owens being compliant and of no threat to the officers. His allegations suggest that Defendants used force "maliciously and sadistically" rather than in "a good-faith effort to maintain or restore discipline." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Thus, Count 1 shall proceed against McCarthy, Lieutenant Jack, and Sergeant White.

Because Owens's allegations in Count 2 are based on the same conduct as the claim in Count 1, Count 2 shall also proceed against Defendants. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against McCarthy, Lieutenant Jack, and Sergeant White. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for McCarthy, Lieutenant Jack, and Sergeant White: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Owens. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Owens, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Owens, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Owens is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 19, 2026**

Nancy J. Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**